D. MERRITT *against* JOHNSON.

ALBANY,
Feb. 1811.

MERRITT
v.
JOHNSON.

THIS was an action of *trover.* At the trial, the following facts were proved :

On the 24th *September,* 1805, *Joseph Travis,* and *Ebenezer Merritt,* entered into an agreement, by which *Travis,* who is a shipwright, in consideration of 1,300 dollars, agreed to build a sloop for him, of certain dimensions, expressed in the agreement. *Travis* engaged to furnish the *timber* requisite to complete the frame of the vessel, at the ship-yard. The joiner's work was to be done at the expense of *Ebenezer Merritt.* The vessel was to be completed and launched on or before 4th *July,* 1806. *Ebenezer Merritt* engaged to pay *Travis* one third of the sum of 1,300 dollars as soon as one third of the work was done, one third of the same sum as soon as two thirds of the work was done, and the other third of the said sum when the whole of the work was completed, if in the opinion of *A.* and *B.* the sloop was well built, &c., and if they decided she was well built, &c. then *Ebenezer Merritt* was to pay a further sum of 50 dollars, otherwise such sum was not to be paid, and *Travis* was to pay all damages arising from a breach of his agreement, &c.

In pursuance of this agreement, *Ebenezer Merritt* furnished various materials for the vessel, and advanced money to *Travis* with which to purchase other materials. On the 1st of *May,* 1806, *Ebenezer Merritt* assigned the contract with *Travis,* and his interest in the vessel, then unfinished, to the plaintiff, who continued to furnish materials, and advance money to *Travis* on the contract, until about one third of the vessel was finished, being planked up to the *wales,* and the whole expenditure amounted to about 1,030 dollars ; *Travis* having furnished such materials as he was bound by the contract to supply up to that period. At this time a *fieri facias* was

Where *A.* contracted with *B.* to build a vessel, and *A.* was to furnish the timber requisite to complete the frame of the vessel, and *B.* was to advance money to *A.* and also to furnish the materials for the joiner's work; and the vessel, while standing on land hired by *A.* and in an unfinished state, was seized under a *fieri facias* issued against *A.* and sold by the sheriff to *C.* who afterwards completed the vessel and sold her to *D.* In an action of *trover,* brought by *C.* against *D.* it was held, that the property in the vessel was in *D.* and that *B.* could not have any property in the vessel, under the contract, until she was completed and delivered to him. When the materials of *John* are united with the materials of *Richard,* by the labour of *Richard,* who furnishes the principal materials, and those of *John* are only accessory, the right of property the whole belongs to *Richard* by right of accession.

issued out of this court on a judgment against *Travis*, on which the sheriff seized and sold the vessel, in her unfinished state, as the property of *Travis*. The plaintiff named in the execution purchased the vessel at the sheriff's sale, and afterwards sold her for 200 dollars, to the defendant in this suit, who was acquainted with all the facts, and was told by the vendor that he would not warrant the title, unless he received a full price, which the defendant refused to pay.

In *August*, 1808, the plaintiff made a formal demand of the vessel of the defendant who refused to deliver her; but afterwards completed and sold her. At the time of the sheriff's sale nothing was due from the plaintiff to *Travis*, on the contract. The vessel was built upon ground belonging to third persons, which *Travis* hired, with a house and the privilege of building vessels on the ground, at the rent of 35 dollars *per annum*.

A verdict was taken for the plaintiff, subject to the opinion of the court, on a case containing the above facts, and which was submitted to the court without argument.

*Per Curiam.* The plaintiff has not shown a right of property in the sloop so as to entitle him to an action of trover. The sloop was built by *Travis*, not on the ground of the plaintiff, or of *Ebenezer Merritt*, from whom he purchased his present right of action. It was built on ground belonging to third persons, and hired by *Travis* for this purpose. The principal part of the materials for the sloop, such as the timber for the frame, was furnished by *Travis*, and the sloop was one third finished and planked up to the wales, when she was seized and sold by the sheriff as the property of *Travis*, and under that sale the defendant holds the possession. The plaintiff's right rested entirely on the contract with *Travis*; and the sloop did not become his property until finished

and delivered. The ground on which the frame of the sloop stood, did, for that occasion, belong to *Travis*, and as he furnished all the timber for the frame, he certainly contributed the principal part of the materials. There is then no just pretence for considering the property of the unfinished sloop as vested in *Merritt*. When the materials of another are united to materials of mine, by my labour, or by the labour of another, and mine are the principal materials, and those of the other only accessory, I acquire the right of property in the whole, by right of accession. This is considered as a general principle in the acquisition of property. It is so laid down by *Bracton*, (*de acqui. rerum dom.* c. 2. s. 3, 4.) and *Pothier* illustrates it by a variety of clear and apposite examples. (*Traité du droit de Propriété*, No. 169. 180.) *Molloy* (b. 2. c. 1. s. 7.) applies a similar principle to the very case of building a vessel, and he refers to the *Pandects*, (Dig. 6. l. 61.) where it is admitted that if one repairs his vessel with another's materials, the property of the vessel remains in him ; but if he builds a vessel from the foundation, with the materials of another, the vessel belongs to the owner of the materials. *Gothofredus*, in his notes upon this passage, says, that if one builds a ship with his own and another's materials, the ship is his property, unless the keel was furnished by the other, and then the property would follow the keel, which he considers *instar soli et fundi*. But without pursuing these distinctions further, it is sufficient to observe, that upon the principles acknowledged by all the writers, the property of the vessel in question was in *Travis* when she was sold under the execution against him, and judgment must accordingly be rendered for the defendant.

Judgment for the defendant.