Filed April 25, 1890.

———————◆———————

No. 14,235.

## BASS ET AL. *v.* CANTOR.

BAILMENT.—*Letting of Animal for Hire.*—*Negligence of Bailee.*—*Instruction to Jury.*—In an action to recover damages for the death of a mare, owned by the plaintiff and hired by the defendants, to be used in operating a street railway, caused, as alleged, by the defendants' authorizing and permitting their servants to carelessly and negligently use, feed, and water said mare improperly, it was not error to charge the jury to the effect that the plaintiff, by hiring the mare for such use, engaged that she was

reasonably fit and suitable for the work which she was hired to perform; that the defendants had the right to rely upon her being fit and suitable for such work, and they were only required to use and treat her with reasonable care; but that if, after having tried her at such work, it became plainly manifest that she was unfitted for it, and that further use at such work would be injurious and endanger health and life, it was their duty to abstain from further use of her without notifying the plaintiff and obtaining his consent, and the defendants had no right to abuse her.

From the Allen Superior Court.

*J. Morris* and *J. M. Barrett,* for appellants.

*H. C. Hanna,* for appellee.

OLDS, J.—This action was brought by Julius Cantor, the appellee, against John H. Bass and Stephen B. Bond, appellants, to recover damages for causing the death of a mare owned by the appellee and hired by the appellants, to be used in operating a street railroad in the city of Fort Wayne; the death of the mare is alleged to have been caused by the appellants' authorizing and permitting their servants to carelessly and negligently use, and feed, and water said mare improperly, whereby, and by reason of which negligent and bad treatment she became sick and died.

Issue was joined on the complaint by answer in denial, and a trial had, resulting in a verdict and judgment for the appellee.

Appellants filed a motion for a new trial, which was overruled, and exceptions taken.

The only error properly assigned is the overruling of the appellants' motion for a new trial.

The only question presented is as to whether or not the court erred in giving, of its own motion, instruction number three, which is as follows:

"But although it is true that, by hiring his mare to the defendants for such use on the street-cars, the plaintiff impliedly engaged that she was reasonably fit for that purpose, this gave the defendants no right to use her after it became

manifest to them that by reason of her nervousness, or fret-
fulness, or diseased condition, she was not fit for such work.
They had no right to abuse her.  If her board devolved
upon them, it was their duty to supply her with plentiful
food and water and at the proper time. It was their duty, also,
not to require her to do more work than it was manifest she
could perform without injury, and if, during such use, it was
plainly evident to the defendants' employees that she was
exhausted, overheated, or suffering by reason of disease, and
her continued use was dangerous to her health and life, it
was their duty then to abstain from further use of her with-
out obtaining the plaintiff's consent to the same; and if,
without so doing, they negligently persisted in such use, and
by reason of the same she was so injured that she died, the
defendants are liable."

It is first contended that the instruction assumes the ex-
istence of facts of which there was no proof.  That there
was no evidence from which the jury could find that it be-
came manifest to the appellants, or their employees who
worked the mare, that by reason of her nervousness and fret-
fulness, and diseased condition, she was not fit for such work.
In this, we think, counsel are in error.

There was evidence tending to prove this state of facts,
and from which the jury may have found that the mare was
nervous and fretful ; that she was worked with another an-
imal which was much slower than she, and that she was fret-
ful, and became very warm and exhausted, and the persons
using her must have known it; and the instruction is not
objectionable for the reason that it was not applicable under
the evidence in the case.

It is next contended that the instruction indicates an opin-
ion by the court " that it was manifest to appellants and
their employees that the mare, because of her nervousness,
or fretfulness, or disease, became unfit for use." We do not
think the instruction subject to this criticism.  When taken
together with the other instructions it is but saying to the

jury that if such fact appears from the evidence, then the appellants would have no right to continue the use of the mare while she was in such unfit condition.   The same contention is made as to the statement in the instructions that the appellants "had no right to abuse the mare."   There was evidence in the case which made this part of the instruction proper, and it is not subject to the criticism that it was an expression of an opinion on behalf of the court that the appellants had abused the mare.

It is contended that the statement in the instruction that " it was their [appellants'] duty also not to require her to do more work than it was manifest she could perform without injury," does not correctly state the law.   And it is urged that under this statement a person hiring a horse for use would be liable if, without fault of the bailee, the horse should die in the performance of the labor for which it was hired to perform ; that it makes it incumbent on the part of the bailee to show that it was manifest to him that the animal could perform such service without injury.   We do not think the instruction bears the construction placed upon it by the counsel for appellant, and especially it is not subject to such interpretation and construction when taken in connection with the other instructions given by the court.

The court instructed the jury that " If the jury find from the evidence that the plaintiff hired his mare to the defendants for the purpose of being used by them in pulling street cars on the street railroad of the city. of Fort Wayne, the plaintiff thereby engaged and bound himself that the mare was reasonably fit and suitable for such purposes and such uses.   If, therefore, you find that the mare so hired was injured while in the use of the defendants in pulling their street cars, without their fault, and through the nervousness and fretfulness of said mare, or because of her diseased condition at the time the plaintiff hired her to the defendants, or because of her unfitness to pull said street cars, then you should find for the defendants."

The court also instructed the jury that the defendants were only required to use ordinary diligence in caring for the plaintiff's mare, such diligence only as ordinarily prudent men under like circumstances would use in regard to their own property.

The instructions given by the court, when taken as a whole, properly state the law. The plaintiff by hiring the mare for such use engaged that she was reasonably fit and suitable for the work which she was hired to perform, and the defendants had the right to rely upon her being fit and suitable for such work, and they were only required to use and treat her with reasonable care, but if after having tried her at such work, it became plainly manifest that she was unfitted for it, and that further use at such work would be injurious and endanger health and life, it was their duty to abstain from further use of her without notifying the plaintiff and obtaining his consent, and the defendants had no right to abuse her, and the instructions are to this effect.

There is no error in the record.

Judgment affirmed, with costs.

Filed April 25, 1890.