Douglass *v.* Hart.

---

WINIFRED DOUGLASS *vs.* SIDNEY HART.

\*Third Judicial District, Bridgeport, October Term, 1925.

WHEELER, C. J., CURTIS, KEELER, MALTBIE and HAINES, Js.

Where an article is delivered to one for the purpose of having work and labor performed, or care and pains bestowed, upon it by him for compensation, the parties thereto enter into a contract of bailment, express or implied, or both, by which the bailee undertakes to perform the agreed services and to redeliver the thing bailed in its altered or repaired form, and the bailor, in return for the services of the bailee, agrees to pay him the stipulated compensation.

---

\* Transferred from Second Judicial District.

Douglass *v.* Hart.

The law further imposes upon the bailee the implied obligation to exercise reasonable care—that is, the care of an ordinarily skillful workman—in rendering the service contracted for, and to return the article bailed in such condition that it shall be reasonably fit for the uses and purposes intended, in so far as they are known to him.

If the bailee is guilty of a breach of these implied obligations, the bailor may take back the article, resist a claim for compensation by the bailee, and recover his own damages, either by way of recoupment in a suit by the bailee, or in an independent action in tort or for breach of contract. Or, if the article has been rendered worthless to the bailor, he may abandon it to the bailee, provided he elects to do so within a reasonable time, and recover its value in an action of trover.

In an action for breach of a bailee's contract to repair, the measure of the bailor's damage is the difference between the value of the article in its present condition and its value if the work had been properly performed.

In the present case, the plaintiff offered evidence to prove that after she had paid the defendant $250 for the purpose of having her fur coat, then in good condition and worth $500, remodeled to conform with the current style, the defendant redelivered it to her on three separate occasions in such condition that it ripped and tore in numerous places when she attempted to wear it; and that, after several unsuccessful efforts to interview the defendant, she was finally informed by his agent that the coat was too small and would have to be remade, whereupon she left it in his possession and brought the present action to recover its value. The trial court set aside a verdict for the plaintiff for $466 on the ground that it was obvious, from an inspection of the coat, that it still remained of substantial value, and that the jury could not reasonably have found that it had been rendered practically worthless to the plaintiff. *Held:*

1. That the trial court erred, since the plaintiff was entitled to recover the value of the coat upon proof, which she had offered, that it was rendered worthless to her for the purpose, known to the defendant, of her personal use; and that its value for the use of any other person, or for resale purposes, was beyond the issues of the case.

2. That the verdict could not be held, as claimed by the plaintiff, to include the sum of $250, paid by her to the defendant, since neither the allegations of the complaint nor the instructions of the trial court, were sufficient to support its recovery.

3. That, excluding the item of $250, the verdict was not excessive in view of the testimony concerning the value of the coat.

Argued November 3d—decided December 23d, 1925.

ACTION to recover damages for the alleged conversion of the plaintiff's fur coat, brought to the Superior Court in New London County and tried to the jury before *Hinman, J.;* verdict for the plaintiff for $466 which the court, upon defendant's motion, set aside, and from this decision the plaintiff appealed. *Error; judgment to be rendered on the verdict.*

*George C. Morgan,* for the appellant (plaintiff).

*Abraham S. Weissman,* with whom, on the brief, was *Fred D. Faulkner,* for the appellee (defendant).

WHEELER, C. J.   The appeal is from the granting of the motion to set aside the verdict in favor of the plaintiff.   The jury might reasonably have found upon the evidence these facts:   The plaintiff purchased of the defendant in New London at his fur sale in the summer of 1920, a Hudson seal coat with skunk border, collar and cuffs, for $600, and defendant informed plaintiff she was getting the coat at about half price.   The plaintiff had not worn the coat much prior to August, 1923; it was at this time in good condition and worth $500. She desired to have it remodeled, not on account of its physical condition, but in order to have it in style. At this time the defendant agreed to remodel the coat to conform to a model selected by the plaintiff and to return the same to her upon the plaintiff paying him $250.   The remodeled coat was delivered to the plaintiff in New London in December, 1923, and it then looked all right to the plaintiff except that the buttons required changing, which defendant agreed to do. Plaintiff paid  defendant  the  $250, and  defendant changed the buttons at his New London store; on the first day thereafter when the plaintiff wore the coat it ripped in the back and arm.   Plaintiff then took the coat to defendant's principal place of business in Hart-

Douglass *v.* Hart.

ford, and the defendant during the day had the coat repaired and the buttons changed. The next day the plaintiff wore the coat it tore on the other side in the back. Within a week plaintiff took the coat to defendant in Hartford and he caused it to be repaired. The very next day the plaintiff wore the coat another tear appeared in the back. The plaintiff made in all seven or eight trips to Hartford to have the coat repaired, and on the last three trips was unable to see defendant at his place of business. On her last visit, about April 24th, 1924, the man in charge of the store said the coat was not large enough and would have to be remade. The plaintiff on this day left the coat in the possession of the defendant to be remade, but he did nothing in regard to its being remade, and it is still in his possession.

The complaint recites the deposit by the plaintiff of the fur coat with the defendant to be altered and his treatment of the garment in such a negligent and unworkmanlike manner that it was ruined and made worthless. The facts, as well as those pleaded, set forth a bailment of the kind known as *locatio operis faciendi,* a bailment where work and labor, care and pains are to be performed or bestowed upon the thing delivered to the bailee. The parties to a bailment of this character—one for their mutual benefit—enter into a contract, express or implied, or both, by which the bailee engages to perform the agreed services and return the thing bailed in its altered or repaired form, and the bailor in return for the services of the bailee agrees to pay him the agreed-upon compensation. In a contract of this character there are certain implied obligations of the bailee which the law attaches to the contract in the absence of express provision in the contract to the contrary: one, that the thing which the bailee agrees to alter or repair, when so altered or repaired, shall be

reasonably fit for the purpose intended, or capable of the use intended, and of which purpose or use the bailee shall know; *Horne* v. *Meakin,* 115 Mass. 326, 331; *Bass* v. *Cantor,* 123 Ind. 444, 448, 24 N. E. 147; 6 Corpus Juris, p. 1117, § 52; another, that the bailee shall exercise ordinary care in the performance of the service he agrees to do in relation to the thing bailed. *Bradley* v. *Cunningham,* 61 Conn. 485, 494, 23 Atl. 932; *Standard Brewery Co.* v. *Bemis & Curtis Malting Co.,* 171 Ill. 602, 606, 49 N. E. 507; 5 Cyc. 184; 6 Corpus Juris, p. 1121, § 61, and cases cited in note 63. Ordinary care in remodeling this fur coat would require that the defendant use such skill and care in remodeling the coat as the ordinarily skillful workman, in this case a competent furrier, would use in doing like work. *Lincoln* v. *Gay,* 164 Mass. 537, 540, 42 N. E. 95; *Mack* v. *Snell,* 140 N. Y. 193, 35 N. E. 493; Van Zile on Bailments (2d Ed.) §§ 151, 152; 5 Cyc. 180. These implied obligations, in the absence of express provision to the contrary, form a part of the contract of the manufacturer who receives from the jobber his cloths to be manufactured into clothing, of the tailor who receives cloth with which to make a suit, and of the jeweler who receives a watch to be repaired. Van Zile on Bailments (2d Ed.) §§ 133, 140.

From the evidence offered by the plaintiff, which we have already summarized, the jury might have found that the parties entered into a contract by which the defendant expressly agreed to remodel plaintiff's fur coat in conformity to a coat used as a model in defendant's store, in consideration that the plaintiff pay $250. Since the remodeled coat was to be for the personal use of the plaintiff, and known by defendant to be for her personal use, the implied obligations arising out of this contract were (a) that the coat should be reasonably fit for her wear and reasonably

capable of being worn by her, and (b) that defendant would exercise such skill and care in doing the work as the ordinarily skillful and careful furrier would use in the due performance of a like undertaking. The jury might also have found that the coat did not fit the plaintiff and could not be made to fit her, either because the coat was cut and made up too small, or because the skins were defectively or negligently sewed together, thus causing it to rip and tear and rendering it in consequence incapable of use by the plaintiff. Since the case is not one of sale but of bailment, and the title to the remodeled coat remained in the plaintiff, she had the right to have accepted the coat and later resisted an action for the sum agreed to be paid by plaintiff for the remodeled coat and recouped her damage. *Mack v. Snell,* 140 N. Y. 193, 198, 35 N. E. 493; Van Zile on Bailments (2d Ed.) § 142. Or she could have brought an independent action for breach of contract, or on the case for damages. If, as the plaintiff claims, the remodeled coat could not be worn by her unless remade, she had the right to refuse to accept it and to sue the defendant in trover for the value of the coat which she delivered to the defendant to be remodeled. "Where an article is intrusted to a bailee for alterations or repairs and, by reason of deviation from the bailor's instructions, of negligence, or of unskillfulness, the work is not properly performed, the bailor may sue for the breach of contract to repair, in which case the measure of his damages is the difference in the value of the article in its present condition and what it would have been worth if the work had been properly performed; or, if the article has been converted by the bailee or has been so seriously injured by him as to have practically lost its value to the bailor and has accordingly been abandoned to the bailee, an action may be brought in trover, and plaintiff may recover

the value of the property." 6 Corpus Juris, p. 1165, § 170; *May* v. *Gunther,* 20 Misc. 659, 46 N. Y. Supp. 379; Hale on Bailments, p. 220.

The trial court set aside the verdict upon the ground that the jury could not fairly have found that the coat was practically rendered worthless to the plaintiff, since from an inspection of the remodeled coat it was obvious that the coat remained of substantial value. This was not the issue upon which the plaintiff's case rested; that was, that the coat was valueless to her for the purpose for which it was ordered, either because of misfit or defective make. The coat might be of value to someone whom it would fit, but not for the plaintiff, who was having the coat remodeled for her own use and not for the purpose of selling it as a second-hand coat. The tailor who makes a suit for one out of cloth which he furnishes, and makes the sleeves three inches too short, may be able to sell the coat to someone whom it will fit, but for the man for whose personal use it was made it is valueless. It is true the plaintiff could not have kept the coat an unreasonable time and then returned it to the defendant and sued him in trover for the total loss of the coat she delivered to him. Van Zile on Bailments (2d Ed.) § 157. The facts which the jury might have found separate that case from this. If the jury found the facts in accordance with the evidence offered by the plaintiff, there was no acceptance by the plaintiff; rather there were repeated and long-continuing attempts on the part of the plaintiff to give the defendant an opportunity to remedy the defects in the coat. As testified to by her, the plaintiff's course was for the mutual benefit of the defendant as well as herself. The delay on her part in terminating the bailment was excusable, she having waited until it was apparent that defendant would not, or could not, remedy the defects in the coat, and until she had been defi-

Douglass *v.* Hart.

nitely informed by defendant's representative that the coat was too small and could only be made suitable by being remade. The retention of the coat by the plaintiff and the payment by her of the $250 to the defendant, under the circumstances testified to by the plaintiff, did not constitute an acceptance of the coat by her. If the jury found the plaintiff left the coat with the defendant to be remade, and that the defendant neither remade it nor returned it to plaintiff, they might properly have found that the bailment was at an end and the plaintiff entitled to recover for the conversion of her coat. The plaintiff also claims that the jury could have found that she paid defendant $250, and that she was entitled to recover that as a part of her damages. The difficulty with this claim is that while the proof submitted by the plaintiff, if credited, would justify the plaintiff in her recovery of the $250, the complaint makes no allegations which make this recovery an issue in the case. Nor is it clear that under the trial court's instructions the jury must have allowed this item as a part of their verdict. Aside from this item, the plaintiff offered evidence to prove that the coat, when delivered to defendant, was worth $500, and the defendant offered evidence to prove that its value was $75. In this conflict of the evidence we cannot say that the verdict for $466.55 was so unreasonable that it ought not to stand, and since we are of the opinion that the ground upon which the verdict was set aside was not well taken, we think judgment should be entered on the verdict.

There is error, and the cause is remanded with direction to render judgment upon the verdict.

In this opinion the other judges concurred.