BAENA BROTHERS, INC. *v.* ROBERT T. WELGE ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 2-631-17799

Argued May 18—decided October 26, 1964

*George W. Ganim,* of Bridgeport, for the appellant (plaintiff).

*Serge G. Mihaly,* of Bridgeport, for the appellees (defendants).

PRUYN, J. This action was brought by the plaintiff to recover damages under an agreement to reupholster a sofa and a chair of the defendant Muriel

R. Welge, who counterclaimed for the value of the furniture, alleging that the plaintiff failed to reupholster it in accordance with the agreement.

The court found the following facts: No evidence was offered as to any participation by the named defendant in the transactions involved in this case. At the request of the defendant Muriel R. Welge, hereinafter referred to as the defendant, the plaintiff's principal salesman, buyer and shop manager, Irwin Millstein, who had about fifteen years' experience in the upholstery business and was familiar with the buying of furniture and its accessories and with the value of reupholstered furniture, furniture prior to reupholstery and secondhand furniture, went to her home to discuss the reupholstering of a sofa and a club chair and the construction of an ottoman. Thereafter, the defendant went to the plaintiff's place of business and discussed the matter further with Millstein. The fabric for the furniture was selected. The sofa and chair were to be "modernized" so as to include slimming of the arms to correspond with a sample sofa then on the floor of the plaintiff's showroom. "Slimming" of the arms refers to the width of the arms, whether one is sitting on the sofa or looking at it left or right to the arm. A written contract was executed, and the defendant paid a deposit of $20 on the agreed price. Subsequent to the signing of the contract, some changes were made which were duly entered on the plaintiff's copy of the contract, including the addition of the words "slim arms on 2 pcs." The furniture was picked up and taken to the plaintiff's place of business, where it was processed. After three weeks, it was returned to the defendant's home. The defendant refused to accept it. The arms on the sofa and chair had been slimmed to such an extent that the overhang of the arms which the defendant desired —and an overhang appeared on the floor sample

—had been entirely eliminated, thereby altering the style of the furniture from colonial to modern. The plaintiff knew the purposes for which the furniture, when reupholstered and slimmed, was intended. The furniture as delivered was not reasonably fit for the purposes for which it was intended, did not conform to the contract and had no value to the defendant.

The plaintiff sought to correct the finding by striking out sixteen paragraphs thereof and by adding thirty-six paragraphs thereto. These corrections cannot be made. There is evidence to support the finding. The plaintiff is attempting, by a wholesale attack on the finding, which our courts have repeatedly criticized, to substitute its version of the facts. *Krupa* v. *Farmington River Power Co.,* 147 Conn. 153, 157. It is the function of the trial court to assess the worth of the evidence.

The plaintiff claims that the modification of the written contract by the insertion of the provision for the slimming of the arms is invalid for lack of a new consideration. There is no merit to this claim. It is well settled that a written contract may be modified by parol if the parties so intended. *Grote* v. *A. C. Hine Co.,* 148 Conn. 283, 286. The mutual promises of the parties furnish the consideration for the modification of the contract. *Taft Realty Corporation* v. *Yorkhaven Enterprises, Inc.,* 146 Conn. 338, 342. The contract, as thus modified, became the real contract between the parties. *West Haven Water Co.* v. *Redfield,* 58 Conn. 39, 41.

The facts in the case before us bring it within the doctrine of *Douglass* v. *Hart,* 103 Conn. 685, and constitute "a bailment of the kind known as *locatio operis faciendi,* a bailment where work and labor, care and pains are to be performed or bestowed upon the thing delivered to the bailee. The parties to a

bailment of this charater—one for their mutual benefit—enter into a contract, express or implied, or both, by which the bailee engages to perform the agreed services and return the thing bailed in its altered or repaired form, and the bailor in return for the services of the bailee agrees to pay him the agreed-upon compensation.  In a contract of this character there are certain implied obligations of the bailee which the law attaches to the contract in the absence of express provision in the contract to the contrary: one, that the thing which the bailee agrees to alter or repair, when so altered or repaired, shall be reasonably fit for the purpose intended, or capable of the use intended, and of which purpose or use the bailee shall know; . . . another, that the bailee shall exercise ordinary care in the performance of the service he agrees to do in relation to the thing bailed." Id., 688.  In the case before us, the plaintiff broke the contract of bailment: the alterations were not in accordance with the contract; the furniture was not reasonably fit for the purpose intended, of which the plaintiff was aware.  The defendant, having refused to accept the furniture, was under no obligation to pay for it.

Where the bailee has deviated from the bailor's instructions in altering the thing bailed, with the result that it has lost its value to the bailor and is worthless to him, as in the instant case, and has been abandoned to the bailee, the bailor may sue in trover for the value of the property. *Douglass* v. *Hart,* supra, 690; *Devine Hallenbeck Co.* v. *Autotyre Co.,* 113 Conn. 97, 101.  In such an action, the measure of damages is the value of the goods at the date of the conversion.  *Giuliano Construction Co.* v. *Simmons,* 147 Conn. 441, 444.  "In determining this value it is generally sufficient to show the money value of the goods in the market at that time . . . . Where an article does not, however, have a market

value, or in the case of goods having a special and peculiar value to the owner, then full compensation requires that he recover 'the value to him based on his actual money loss, all the circumstances and conditions considered, resulting from his being deprived of the property, not including, however, any sentimental or fanciful value he may for any reason place upon it.' " *Kuzemka* v. *Gregory,* 109 Conn. 117, 122. The plaintiff claims that the court erred in its determination of the measure of damages as being the value of the furniture as altered and reupholstered. The only evidence of value was the testimony of Millstein, an employee of the plaintiff itself, who testified as to its value as altered and reupholstered. The defendant attempted to introduce evidence of the value of the furniture prior to the alteration and reupholstering, but on objection by the plaintiff that such evidence was immaterial it was excluded. The plaintiff cannot now claim that the court erred.

There is no error.

In this opinion KOSICKI and LEVINE, Js., concurred.