[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION — MOTION FOR JUDGMENT, ATTORNEY FEES
Plaintiff Luis Fernandez moves for judgment in accordance with the findings of fact and memorandum of the fact finder. The fact finder acted pursuant to Practice Book sec. 23-52 et seq. The defendant objects to the findings of fact pursuant to Practice Book sec. 23-57. The court finds the issues in favor of the plaintiff.
The fact finder found that the defendant corporation agreed to repair the plaintiff's automobile for a fee and accepted partial payment in advance. The defendant never repaired the vehicle, but rather disassembled it, rendering it useless and a total loss. The fact finder determined that the plaintiff's damages amounted to $3,395, which would have been the value of the vehicle if the defendant had repaired it as agreed. The fact finder also found that the defendant's conduct was unethical, oppressive, and unfair, and as such violated the Connecticut Unfair Trade Practices Act (CUTPA). Based on that determination, the fact finder awarded punitive damages equal to and in addition to the amount of actual damages, resulting in a total award of $6790. At the plaintiff's request, the fact finder did not award attorney fees, noting that the plaintiff preferred to seek an award of such fees by motion to this court.
The plaintiff's claim against the defendant corporation is based in large part on his contention that the person with whom he dealt in negotiating the work contract was acting as agent of the corporation. The main evidence at the fact finding hearing in this regard was the testimony of the plaintiff. He testified as to what transpired between him and the agent, Angel Ayala, and also as to statements and actions of the principal of the corporation, Bernard Bartenstein. The defendant did not call Bartenstein as a witness, and the fact finder drew the inference that Bartenstein's testimony would have been adverse to the defendant, citing Secondino v. New Haven Gas Co., 147 Conn. 672 (1960).
The defendant contends that the evidence of Ayala's agency consisted only of the plaintiff's testimony as to what Ayala told him and was, therefore, insufficient to prove an agency relationship. The defendant also contends that the fact finder erroneously applied the Secondino
rule. The court disagrees.
The fact finder's report and memorandum establish that the plaintiff CT Page 5229 testified as to all of the circumstances of the negotiations regarding the requested repairs, including the fact that the parties were at all relevant times on the defendant's premises where the work was to be performed, that the plaintiff gave the advance payment to Bartenstein, that Bartenstein gave him a receipt, and that the disassembled parts of the vehicle were found inside the defendant's premises. There was evidence at the hearing that Bartenstein was available to testify but simply preferred to remain at work instead. He was clearly someone whom the defendant would naturally call to testify, however, inasmuch as the plaintiff had identified him as a person with whom he dealt in a significant way concerning the repairs and payments. The fact finder's unfavorable inference was plainly permissible. The court concludes that the findings of fact were supported by substantial evidence, and it is not the function of the court, therefore, to overturn those findings.
The defendant argues further that the fact finder erroneously determined that the measure of damages is the amount that the vehicle would have been worth if the repairs had been properly performed. The court disagrees. "Where an article is intrusted to a bailee for alterations or repairs and, by reason of deviation from the bailor's instructions, of negligence, or of unskillfulness, the work is not properly performed, the bailor may sue for the breach of contract to repair, in which case the measure of his damages is the difference in the value of the article in its present condition and what it would have been worth if the work had been properly performed." Douglass v. Hart,103 Conn. 685, 690 (1925). That is precisely the formula that the fact finder correctly employed in this case, including the fact that the value of the vehicle in its present condition (after the defendant had finished with it) was zero.
The court further concludes that the fact finder did not erroneously award punitive damages. An award of punitive damages in a case where there has been a violation of CUTPA is within the discretion of the fact finder. The fact finder's determination that the amount of such damages should be equal to the amount of actual damages is appropriate and not an abuse of that discretion. Staehle v. Michael's Garage, Inc.,35 Conn. App. 455 (1994).
In support of his motion for an award of attorney fees and costs, the plaintiff submitted an invoice showing time and charges for all legal work from initial consultation to appearance for oral argument to this court on the motion for judgment and fees. The total amount shown in the invoice, calculated at various hourly rates, plus expenses incurred, is $5,428.61.
An award of attorney fees under CUTPA is entirely within the discretion CT Page 5230 of the court. An award will not be disturbed so long as the court finds it to be reasonable. Staehle v. Michael's Garage, Inc., supra,35 Conn. App. 461. In this case, the court finds that a reasonable attorney's fee is $2263.33. That is the amount that would be typically charged as a contingent fee in a tort action, being one-third of the total damages. That seems a particularly appropriate formula in a case such as this, which has aspects of tortious conduct on the part of the defendant. Accordingly, the court awards that amount plus expenses in the amount of $244.61 as shown in the invoice.
In summary, judgement may enter in favor of the plaintiff in the amount of $6790.00 damages plus $2263.33 attorney's fees plus $244.61 expenses, for a total of $9297.94.
Maloney, J.