PER CURIAM.
Poston Steel filed a complaint to foreclose a mechanic’s lien for money allegedly due for work and services performed. Poston claimed that the money was due for hauling and erecting certain precast concrete beams in connection with the construction of a building for appellees Sau-menig and Moorefield. Appellee Hutchinson, the other defendant below, was the general contractor for the construction of the building.
*311 By the contract, the appellant Poston agreed to transport nine of the beams from the manufacturer’s premises and install them at appellees’ job site. The beams were 112 feet long, 4 feet high and 16 inches wide. Being very heavy and unwieldy, the beams required handling by an expert in the business. Poston was employed as the expert. The appellees purchased the beams direct from the manufacturer. After handling three beams successfully, the plaintiff undertook to unload and lift the fourth beam into place. It buckled in the middle and became completely valueless. The appellees purchased a replacement, which was hauled by Poston, who successfully placed it in the building. He likewise completed the placement of five more without incident. In the foreclosure proceedings, Poston claimed the balance due on the original contract plus the expenses incident to the hauling and erecting of the replacement beam. The appellees countered with the contention that the appellant Poston was negligent and should, therefore, bear the cost of hauling and erecting the beam, as well as the actual cost of the replacement beam. The Chancellor ruled with the appellees. He awarded to the appellant Poston the balance due on the original contract price less the cost of the replacement beam. He denied to Poston recovery of the expenses incident to the hauling and erecting of the replacement.
We are requested to reverse this final decree with the contention by Poston that the evidence fails to support the appellant’s claim of negligence. There is the further assertion that the destroyed beam was latently defective.
Our examination of the record leads us to the conclusion that the Chancellor had adequate evidence to support his conclusion that the appellant Poston was negligent in the handling of the beam, and that such negligence was the proximate cause of the loss of use of the beam. There is no support in the record for the conclusion that the beam was latently defective and the Chancellor was, therefore, correct in finding that there was no fault or defect therein.
The legal relationship between appellant Poston and the appellees is analogous to that of bailee-bailor in a bailment for the mutual benefit of the parties. Where such a relationship exists and there is no express agreement to the contrary, the law raises an implied obligation by the bailee to exercise reasonable care to preserve the property against loss or injury. Failure to do so constitutes a breach of the contract of bailment. Where skill is required in the performance of an undertaking and a party is employed for the purpose because of his peculiar skill in the premises, then he must be understood to have been engaged to use a degree of skill adequate to the due performance of the undertaking. Adelman v. M. & S. Welding Shop, Inc., Fla.App.1958, 105 So.2d 802; Coombs v. Rice, 64 Fla. 202, 59 So. 958; 8 C.J.S. Bailments § 30, p. 282; 6 Am.Jur. Bailments, p. 368, § 263. In the instant case, Poston was the expert in the matter of handling the precast concrete beams. In contracting to haul and erect these beams, Poston, in effect, contracted to exercise the care, diligence and skill commensurate with the undertaking. When the work was negligently done, Poston became responsible for the resultant damage. Hence he was not entitled to recover the expenses of hauling and erecting the replacement beam and he was properly held liable for the cost of the beam to replace the one which was lost as the result of the negligence.
There was no error in the final decree and it is therefore affirmed.
SHANNON, C. J., and KANNER, J., and THORNAL, CAMPBELL, Associate Justice, concur.