David GREEN, d/b/a David Green, Furrier,
Appellant,

v.

Janis KOSLOSKY, Appellee.

No. 313.

Supreme Court of Alaska.

Sept. 3, 1963.

———————◆———————

Wendell P. Kay, Kay & Miller, Anchorage, for appellant.

Hugh G. Wade, Wade & Conway, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

The appellee, Koslosky, bagged a ten and one-half foot polar bear on a hunt over the ice floes about 200 miles from Kotzebue. On the flight back to Anchorage he struck up a conversation with the appellant, Green, who had been a fur manufacturer and raw fur buyer for 40 years. Koslosky stated that he intended to have the bear skin mounted as a trophy, and Green recommended that the work be done by a taxidermist of his acquaintance in Bellingham, Washington. As a matter of accommodation, Green offered to have the work done for Koslosky at cost, and Koslosky gave the bear hide to Green for shipment with instructions that it be made into a flat rug mount.

A week or two later Koslosky told Green that he wanted the skin made into a full sized standing mount, instead of a rug. Green got in touch with the Bellingham taxidermist and was informed by him that the trophy had already been mounted as a rug, but that he would try to do a presentable job in a full mount. Due to the use of an improperly shaped mannequin, the mounted trophy was unsatisfactory. Koslosky described it as looking like an albino grizzly bear, and stated that it bore no

resemblance to the polar bear that he had shot. He brought this action against Green for damages for breach of contract, and was awarded the sum of $1,325. Green has appealed, claiming that the judgment was contrary to the weight of the evidence, and that the court erred in arriving at the value of Koslosky's damages.

As his first point, Green argues that he is not responsible for damages because he made no warranty as to the results that would be obtained when he informed Koslosky that the taxidermist would do the best job he could in preparing a full mount. The absence of such a warranty does not relieve Green from liability. The relationship between Koslosky and Green was that of bailor and bailee. There was an implied obligation on Green's part that the taxidermist he had selected would exercise a degree of skill and care adequate to produce what the parties obviously contemplated—a full size trophy which resembled a polar bear and not an albino grizzly.[1] The evidence amply supports the court's finding that Green failed to fulfill his obligation of furnishing Koslosky with a mounted trophy of the quality that Koslosky had the right to expect.

As a second point, Green argues that damages should not have been measured by the value of a full size polar bear mount, but rather by the value of the green hide before mounting which the evidence showed was about $242.[2] We disagree. In awarding damages for breach of contract an effort is made to put the injured party in as good a position as he would have been had the contract been fully performed.[3] If Green had performed as agreed, Koslosky would have received a properly mounted, full size polar bear trophy, which the evidence showed would

have had a value of between $2,000 and $2,600. The amount which he did receive was worthless. Koslosky was therefore entitled to damages equal to the value of the promised performance, which the court was justified in finding to be $2,000, less the cost of mounting ($675) which Koslosky had agreed to pay.

The judgment is affirmed.

---

1. Douglass v. Hart, 103 Conn. 685, 131 A. 401, 402, 44 A.L.R. 820 (1925); Aronette Mfg. Co. v. Capitol Piece Dye Works, Inc., 6 N.Y.2d 465, 190 N.Y.S. 2d 361, 160 N.E.2d 842, 845 (1959); Poston Steel Erection, Inc. v. Saumenig, 132 So.2d 310 (Fla.App.1961); Pan American Petroleum Transp. Co. v. Rob-

in's Dry Dock & Repair Co., 281 F. 97, 108 (2d Cir., 1922).

2. The evidence showed that the retail value of a polar bear hide was $24 a lineal foot. Koslosky's bear measured ten and one-half feet in length.

3. 1 Restatement, Contracts § 329 (1932).