**FLORIDA ECOLOGICAL CORP. v. E. Z. DISTRIBUTING CO., Inc. and WARRINER & DES ROCHER, Inc.**

No. 75-36167.

**E. Z. DSTRIBUTING CO., Inc. v. WARRINER & DES ROCHER, Inc.**

No. 75-35170

Circuit Court, Dade County.

February 9, 1977.

William J. Gallwey, III of Shutts & Bowen, Miami, for Florida Ecological Corp.

Donald M. Darrach, Miami, for E. Z. Distributing Co., Inc.

Fowler, White, Burnett, Hurley, Banick & Knight, Miami, for Warriner & Des Rocher, Inc.

ARDEN M. SIEGENDORF, Circuit Judge.

*Order on issue of liability:* This matter came on for trial before the court, the above cases having been consolidated for the purpose of determining liability, pursuant to the order entered April 28th, 1976, and the court having heard testimony from lay and expert witnesses, examined the exhibits, heard argument of counsel and reviewed the memoranda filed herein, states —

### *Findings of fact*

This court finds the following to be conclusively established —

A. That Florida Ecological Corporation ("F. E. C." hereafter) ordered a certain number of spool pieces from E. Z. Distributing Company, Inc. ("E. Z." hereafter);

B. That E. Z. both in fulfilling its contractual obligation to F. E. C. and with others, delivered to Warriner & Des Rocher, Inc. ("W. D. R." hereafter) unthreaded pipe and flanges to be fashioned into spool pieces;

C. That W. D. R. had agreed with E. Z. that it would thread the pipe delivered to it and would fit the flanges on the pipe;

D. That spool pieces of the kind herein are used only in situations where the substances which will pass through the pipe are under pressure;

E. That, upon completion of the work it had agreed to do, W. D. R. loaded the finished pieces on the trucks of E. Z. for delivery to the various job sites;

F. That the spool pieces were unloaded at the job sites by the various contractors involved;

G. That the spool pieces were properly installed at each job site;

H. That upon completion of the installation, the pipe sections including the spool pieces were pressure tested under the supervision of the Miami-Dade Water & Sewer Authority;

I. That upon pressure testing, all the spool pieces leaked at the precise places where the pipes had been threaded and the flanges fit.

J. That the spool pieces leaked for the following reasons, either of which or both would have caused the leaking —

    1. The pipes were not properly threaded,

    2. The flanges were not properly fitted on the pipe;

K. That the above defects were directly and proximately caused by the work performed by W. D. R.;

L. That, as a direct and proximate cause of the leaking, the spool pieces had to be removed and replaced;

M. That W. D. R. was informed of the leaking shortly after it was discovered and neither made any attempt to fix same nor offer any suggestions on the repairing of same.

### Conclusions of law

A. The court finds that W. D. R. was negligent, as a matter of law, in the manner in which it threaded the pipe and in the way the flanges were fitted, and that said negligence was the direct and proximate cause of the leaking. As to the latter defect, the fitting of the flange to the threaded pipe, it is the opinion of the court that said flanges were not fitted tightly enough on the barrel of the pipe and, therefore, a water-tight seal was not formed. The court would make clear that the leaking herein was caused by either the improper threading or the incorrect fitting of the flanges, or both.

B. The court further finds that W. D. R. breached its implied warranty in the work it performed in threading the pipe and fitting the flanges. The court finds that even if the transactions involved herein were not covered by the Uniform Commercial Code, where an entity undetakes to do work in which it holds itself out as specially qualified, as W. D. R. did here, it impliedly warrants that the work which it undertakes will be of proper workmanship quality and reasonably fit for the intended purpose. *Poston Steel Erection v. Saumenig*, 132 So.2d 310 (Fla. App. 1961); *Economy Fuse & Mfg. Co. v. Raymond Concrete Pile Co.*, 111. F.2d 875 (7th Cir. 1940); *Dog River Boat Service, Inc. v. The Frances D*, 192 F. Supp. 759 (S. D. Ala. 1961); *Trenkle v. Campagnie Generale Transatlantique*, 19 F. Supp. 795 (S. D. Calif. 1960).

In *Poston Steel Erection v. Saumenig,* supra, at 311, the Second District Court of Appeal held —

"Where skill is required in the performance of an undertaking and a party is employed for the purpose because of his peculiar skill in the premises, then he must be understood to have been engaged to use a degree of skill adequate to the due performance of the undertaking." 132 So.2d at 311.

Additional support for a theory of implied warranty in situations outside the purview of the Uniform Commercial Code is found in *Economy Fuse & Mfg. Co. v. Raymond Concrete Pile Co.,* supra, at 878-79, where the Seventh Circuit held —

"Consequently it was a part of this contract incorporated therein as fully as if expressly stated that defendant would do its work with reasonably good materials in a reasonably workmanlike manner, and in such a way as reasonably to meet such requirements as it had notice the work was required to meet. 'All persons impliedly undertake, when they engage to do work, that they have a reasonable amount of skill in the employment, and that they will use it, and also engage for a reasonable amount of care, and a failure in these respects prevents them from recovering the contract price. * * * the employer may recoup all the damages he may sustain for want of reasonable skill, or for the want of or the observance of reasonable care in executing the work.' * * * 'A mechanic or other workman undertaking to construct a piece of work, impliedly warrants that it shall be so constructed that it will be reasonably sufficient for the purposes for which it is intended' * * * It is one of the plainest principles of the law, that there is an implied warranty or undertaking in all cases, that the person so acting is reasonably skillful in his profession, trade or calling. And that he will perform his engagements in his calling with that degree of skill. The law implies in all contracts, in the absence of an express agreement to the contrary, that materials agreed to be furnished shall be suitable for the purpose, and that labor shall be performed with reasonable skill." (citations omitted.)

Though the court finds it unnecessary to specifically discuss the bailment argument put forth by counsel for F. E. C., as either breach of implied warranty or negligence would support the court's decision, the court notes that where a bailment for mutual benefit arises, as here, the bailee, who has agreed to alter or repair something, impliedly warrants that when so altered or repaired, it will be reasonably fit for the purpose intended. See *Douglas v.*

*Hart* 131 A. 401 (Conn. 1925); 4 Fla. Jur., *Bailments,* §9; 8 Am. Jur. 2d, *Bailments,* §23.

The court also finds it unnecessary to discuss the direct lack of privity between F. E. C. and W. D. R. as privity is no longer a necessary prerequisite in a breach of implied warranty situation. *Power Ski of Florida, Inc. v. Allied Chemical Corporation,* 188 So.2d 13 (Fla. App. 1966); *Bernstein v. Lily-Tulip Corporation,* 177 So.2d 362 (Fla. App. 1965).

### Conclusion

It is ordered and adjudged that this court finds W. D. R. liable to E. Z. in Case No. 75-35170.

It is further ordered and adjudged that this court finds both E. Z. and W. D. R. liable to F. E. C. in Case No. 75-36167.

It is further ordered and adjudged that this court finds W. D. R. liable to E. Z. on the latter's crossclaim and may, therefore, recover from W. D. R. all damages actually paid by it to F. E. C. in Case No. 75-36167.