Paul WILLIAMS and Arthur
Williams, Plaintiffs,

v.

SMITH AVENUE MOVING CO.; Estate
of Frederick G. Faerber; Gary Faer-
ber; Smith Avenue Storage Co.; Bon-
nie Coliukos; Robert Faerber; and
North Star Auction Galleries, Inc., De-
fendants.

No. 1:06–CV–1120.

United States District Court,
N.D. New York.

Oct. 21, 2008.

Joseph J. Haspel, Esq., Goshen, NY, for Plaintiffs.

William P. Pape, Esq., Kingston, NY, for Defendants Smith Avenue Moving Co.; Estate of Frederick G. Faerber; Smith Avenue Storage Co.; and Bonnie Coliukos.

Rusk, Wadlin, Heppner & Martuscello, LLP, Dana D. Blackmon, Esq., Jason J. Kovacs, Esq., of counsel, Kingston, NY, for Defendants Gary Faerber and Robert Faerber.

Claudia Davenport, Esq., Kingston, NY, for Defendant North Star Auction Galleries, Inc.

### MEMORANDUM–DECISION and ORDER

DAVID N. HURD, District Judge.

## I. INTRODUCTION

Plaintiffs Paul Williams and Arthur Williams (collectively "plaintiffs") bring this action against defendants Smith Avenue Moving Co. ("Smith Moving"), Smith Avenue Storage Co. ("Smith Storage"), the Estate of Frederick G. Faerber ("the Estate"), Bonnie Coliukos ("Ms. Coliukos"), Gary Faerber, Robert Faerber, and North Star Auction Galleries, Inc. ("North Star"). Plaintiffs assert five causes of action against Smith Moving, Smith Storage, the Estate, and Ms. Coliukos: (1) breach of contract; (2) violation of the Truth in Storage Act; (3) conversion; (4) unjust enrichment; and (5) replevin. Plaintiffs assert three causes of action against Gary Faerber, Robert Faerber, and North Star: (1) conversion; (2) unjust enrichment; and (3) replevin. Smith Moving, Smith Storage, the Estate, and Ms. Coliukos cross-claimed for indemnification and/or contribution against Gary and Robert Faerber.[1] North Star brought a cross-claim against Gary and Robert Faerber for indemnification, contribution, or apportionment of damages. Finally, Gary and Robert Faerber cross-claimed against Smith Moving, Smith Storage, the Estate, and Ms. Coliukos.

Plaintiffs move for partial summary judgment for liability pursuant to Federal Rule of Civil Procedure 56 against all defendants except Smith Moving. The defendants oppose this motion. Additionally, North Star cross-moves for summary judgment against Gary and Robert Faerber for negligent misrepresentation and indemnification. The said defendants did not oppose the cross-motion. Oral arguments were heard July 29, 2008, via video conference between Utica and Albany, New York. Decision was reserved on plaintiffs' motion. North Star's cross-motion was granted.

## II. FACTS

In July and November of 2003, plaintiffs hired Smith Moving to transport their personal property from the Skinner Gallery and All Star Moving & Storage to Smith Storage. Plaintiffs have an itemized list of their possessions transferred in July 2003. Plaintiffs also have a copy of the Bill of Lading, an inventory of the boxes moved, and photos of their personal property moved in November 2003. For nearly three years, plaintiffs paid Smith Storage to store the property. Plaintiffs have submitted copies of the bills.

Prior to February 2004, Bernice Faerber owned Smith Storage and the real property where the company was located. In February 2004, Bernice Faerber died. After her death, Frederick Faerber and his siblings, Gary Faerber, Robert Faerber, and Patricia Whittaker jointly owned the real property. Frederick Faerber, his wife, and his daughter, Ms. Coliukos, operated Smith Storage. On February 3, 2004, Frederick Faerber sent a letter to Paul Williams regarding a change in the storage bills. Ms. Coliukos opened a bank account in her name to deposit storage fees and pay the bills. Plaintiffs received and paid at least twenty storage bills after Bernice

---

1. This cross-claim demands judgment only against Gary and Robert Faerber, not North Star.

Faerber's death. Gary and Robert Faerber did not assist in operating Smith Storage.

In 2004, Gary Faerber replaced the locks on the buildings at Smith Storage. For approximately two weeks, neither Ms. Coliukos nor Frederick Faerber had access to the buildings. Smith Storage's customers did not receive any notice of Gary Faerber's conduct. Subsequently, Gary Faerber gave Ms. Coliukos and Frederick Faerber keys to the new locks and all three had access to the buildings at Smith Storage. On March 28, 2006, after Frederick Faerber's death, Gary Faerber again replaced all of the locks at Smith Storage. After changing the locks, Gary and Robert Faerber removed stored property from Smith Storage. Gary Faerber asserts that "it was [his] fervent belief" that the removed property belonged to his mother. Gary Faerber consigned that property to North Star representing that he owned it. For the sale of any property, North Star received twenty percent and the remaining proceeds were paid to the consignor. For the March 2006 consignment, Gary Faerber received $8,896, which he endorsed to Robert Faerber.

On March 29, 2006, Ms. Coliukos notified Smith Storage's customers of Frederick Faerber's death and the discontinuation of the storage business. In her letter, Ms. Coliukos asked customers to move their property by May 1, 2006. On April 24, 2006, Paul Williams contacted Ms. Coliukos regarding moving plaintiffs' personal property. Ms. Coliukos told him that she did not have access to the property and that he should contact Gary Faerber's attorney Daniel Heppner. Paul Williams called Mr. Heppner and Gary Faerber joined the conference call. During the phone call, Paul Williams stated that he had property stored at Smith Storage.

In June and August of 2006, Gary Faerber consigned additional personal property from Smith Storage to North Star. Prior to removing the property, Gary Faerber states that he placed a legal notice in the local paper because he did not know if the property belonged to other people. According to Gary Faerber, some items stored at Smith Storage were retrieved by their owners. Despite Paul Williams' phone call in April 2006, Gary Faerber did not attempt to contact Paul Williams to determine if any of the remaining property belonged to him. According to North Star, Gary Faerber asserted that the property was abandoned and the owners had not paid their storage fees. Some of this property was sold and the proceeds were paid directly to Robert Faerber.

On September 19, 2006, Paul Williams brought an action for breach of contract, conversion, unjust enrichment, and fraud against Smith Moving, the Estate, and Gary Faerber. In November 2006, Arthur Williams also became aware that some of his property was listed on North Star's website. On November 21, 2006, plaintiffs sent a letter to North Star to cease and desist selling the property. North Star cancelled the auction and entered into a stipulation that they would not sell the property pending further litigation. In January 2007, a second stipulation was entered allowing the plaintiffs to take possession of the contested property being held by North Star. After the second stipulation, the plaintiffs received some, but not all, of the property that they had stored at Smith Storage. On May 31, 2007, plaintiffs amended their complaint adding Arthur Williams as a plaintiff, and North Star, Smith Storage, Ms. Coliukos, and Robert Faerber as defendants.

### III. DISCUSSION

#### A. Summary Judgment Standard

Summary judgment must be granted when the pleadings, depositions, answers

to interrogatories, admissions and affidavits show that there is no genuine issue as to any material fact, and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). The moving party carries the initial burden of demonstrating an absence of a genuine issue of material fact. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Facts, inferences therefrom, and ambiguities must be viewed in a light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

When the moving party has met its burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586, 106 S.Ct. at 1356. At that point, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56; *Liberty Lobby, Inc.*, 477 U.S. at 250, 106 S.Ct. at 2511; *Matsushita Elec. Indus. Co.*, 475 U.S. at 587, 106 S.Ct. at 1356. To withstand a summary judgment motion, sufficient evidence must exist upon which a reasonable jury could return a verdict for the nonmovant. *Liberty Lobby, Inc.*, 477 U.S. at 248–49, 106 S.Ct. at 2510; *Matsushita Elec. Indus. Co.*, 475 U.S. at 587, 106 S.Ct. at 1356.

## B. *Breach of Storage Agreement (Smith Storage, the Estate, and Ms. Coliukos)*

■ Where a person gives consideration to another for storage of personal property, a bailment for mutual benefit is created. *See Aronette Mfg. Co. v. Capitol Piece Dye Works, Inc.*, 6 N.Y.2d 465, 468, 190 N.Y.S.2d 361, 160 N.E.2d 842 (1959).

Here, it is undisputed that the plaintiffs made payments to Smith Storage to store property. Therefore, a bailment for mutual benefit existed between plaintiffs and Smith Storage. Ms. Coliukos and the Estate contend that they did not become owners of Smith Storage after Bernice Faerber's death, and therefore, they can not be held responsible for the bailment. However, even assuming that plaintiffs did not and can not establish a transfer of ownership, that defense is invalid. Frederick Faerber and Ms. Coliukos solicited and accepted payments from the plaintiffs. On February 3, 2004, Frederick Faerber sent a letter to Paul Williams regarding a change in the storage bills. Ms. Coliukos opened a bank account in her name to deposit the checks received by Smith Storage. Moreover, plaintiffs received and paid at least twenty storage bills after Bernice Faerber's death.

In addition to accepting payments, Frederick Faerber and Ms. Coliukos also assumed the responsibility of the bailment by continuing to store the plaintiffs' personal property. Although there was no explicit transfer or assignment of rights, based on their actions, both defendants assumed the benefits and liabilities of the bailment. Therefore, even if their contention that they did not own the storage company is accurate, it is irrelevant. A bailment for mutual benefit existed between the plaintiffs and Smith Storage, the Estate, and Ms. Coliukos.

■ To recover for a breach of a bailment for mutual benefit, a plaintiff has the initial burden of proving that a defendant failed to exercise the degree of care which a reasonably careful owner of similar goods would exercise under the same circumstances. *Castorina v. Rosen*, 290 N.Y. 445, 447, 49 N.E.2d 521 (1943). However, a failure to produce stored goods establishes a presumption of negligence and the

burden shifts to a defendant to provide an explanation for the non-delivery of a plaintiff's property. *Dalton v. Hamilton Hotel Operating Co.*, 242 N.Y. 481, 488, 152 N.E. 268 (1926). Where a defendant provides an explanation for its failure to deliver a plaintiff's property, the burden shifts back to the plaintiff to show that the defendant failed to exercise reasonable care. *Id.*

▮ Here, plaintiffs presented an itemized list of their possessions transferred in July 2003. Plaintiffs also submitted a copy of the Bill of Lading, an inventory of the boxes moved, and photos of their personal property moved in November 2003. Defendants have not produced plaintiffs' possessions listed in these documents. Therefore, the burden shifts to the defendants to explain this failure. These defendants assert that Gary Faerber's conduct explains the loss of all of the stored goods, even those not recovered from North Star. The plaintiffs state that these defendants have not supplied an explanation for the goods not recovered from North Star. Viewing the facts in a light most favorable to the non-moving party, the defendants' explanation is sufficient with regard to all of the items, not just those recovered from North Star. Accordingly, the burden shifts to the plaintiffs to establish that these defendants failed to exercise reasonable care.

▮ Plaintiffs have established that Ms. Coliukos and Frederick Faerber were aware that Gary Faerber changed the locks on Smith Avenue Storage in 2004. The defendants did nothing to re-secure the facility. Ms. Coliukos also admitted that Gary Faerber retained keys to the facility after changing the locks. The defendants did not notify any of the customers about this breach of security. Defendants assert that none of the plaintiffs' possessions were removed at this time, and, therefore, their inaction is irrelevant. However, the defendants were aware of Gary Faerber's conduct in 2004 and took no steps to prevent him from accessing and removing property.

This failure allowed Gary Faerber to have access to the warehouses. In March 2006, Gary Faerber again changed the locks of the facility. Thereafter, Gary Faerber removed stored property and consigned it to North Star. Although Ms. Coliukos sent a letter to the customers of Smith Storage requesting that they retrieve their belongings, in that letter she again failed to mention the breaches of security. She also did not make any attempt to re-secure the facilities. Further, although Ms. Coliukos has stated that she contacted the police, there is no evidence supporting that assertion. Finally, the other evidence that Ms. Coliukos references to show that she exercised reasonable care occurred after Gary and Robert Faerber removed the property and, therefore, is not relevant. Since defendants have submitted no evidence to show they exercised reasonable care in storing the plaintiffs' property, no genuine issue of fact exists.

Therefore, partial summary judgment against these defendants for breach of storage will be granted.

### C. *Violation of Truth in Storage Act (Smith Storage, the Estate, and Ms. Coliukos)*

▮ Under the Truth in Storage Act, "[i]t shall constitute an unlawful detention of goods for a warehouseman to refuse to surrender household goods stored by him for a consumer bailor upon payment by the consumer bailor of the storage charges permitted by this article." N.Y. Gen. Bus. L. § 608 (McKinney 2008). Smith Storage, the Estate, and Ms. Coliukos did not return the plaintiffs' possessions despite the fact that the plaintiffs had paid all storage charges and sought the return of their belongings. However, plaintiffs have

not presented evidence showing that these defendants "refused" to return the plaintiffs' possessions, in as much as they were unable to do so.

Therefore, partial summary judgment for violation of Truth in Storage Act will be denied.

### D. Conversion

#### 1. Smith Storage, the Estate, and Ms. Coliukos

 For a bailment for mutual benefit, if the bailee has established an explanation for its failure to deliver, a plaintiff must establish all of the traditional elements of conversion. *I.C.C. Metals, Inc. v. Municipal Warehouse Co.,* 50 N.Y.2d 657, 665, 431 N.Y.S.2d 372, 409 N.E.2d 849 (1980). To maintain a claim for conversion, a plaintiff must show a defendant's "exercise of unauthorized dominion over the property of another in interference with a plaintiff's legal title of superior right of possession." *LoPresti v. Terwilliger,* 126 F.3d 34, 41 (2d Cir.1997). Smith Storage, the Estate, and Ms. Coliukos exercised authorized dominion over plaintiffs' property as bailees until Gary Faerber began to exercise dominion over the property. Although it may be true, as the plaintiffs assert, that the negligence of these defendants permitted the conversion by other defendants, a claim for conversion requires intentional interference with a plaintiffs' superior right of possession.

Since the plaintiffs have presented no evidence that Smith Storage, the Estate, and Ms. Coliukos intentionally exercised unauthorized dominion over plaintiffs' property, partial summary judgment against these defendants for conversion will be denied.

#### 2. Gary and Robert Faerber

 As for plaintiffs' claim of conversion against Gary and Robert Faerber, the plaintiffs have presented evidence that these defendants exercised unauthorized dominion over plaintiffs' property. As already discussed, plaintiffs have submitted documentation supporting their ownership interest. Defendants assert that the property belonged to their mother, but they present no admissible evidence to support that assertion. Additionally, Gary and Robert Faerber offer no evidence that plaintiffs authorized the movement or sale of this property. Based on their own admissions, Gary and Robert Faerber removed the property stored at Smith Storage and they delivered the property to North Star to sell.

 Gary Faerber also argues that they should not be liable because his consignment of the property was done in "good faith" based on the belief that the property belonged to his mother. However, good faith is not a defense to conversion. *LoPresti,* 126 F.3d 34 at 42.

 These defendants also assert that this motion should be denied because the plaintiffs have not provided sufficient evidence proving that the stored property belongs to them. This argument is irrelevant. Again, plaintiffs have submitted documentation supporting their right to the property. Further, it is well established in New York law that a bailee can not deny a bailor's title as an excuse for refusing to redeliver the property. *Barnard v. Kobbe,* 54 N.Y. 516, 520 (1874). It would be a distortion of this well-established rule to allow a third party who took unauthorized possession to assert a greater right than a lawful bailee. Moreover, if the property did belong to a non-party, defendants' assertion is irrelevant. Even if a non-party has a superior ownership interest in relation to these plaintiffs, that does not affect the rights of these defendants. *United States v. Haqq,* 278 F.3d 44, 50–51 (2d Cir.2002) ("[T]he well-settled common-law rule is that a thief in posses-

sion of stolen goods has an ownership interest superior to the world at large, save one with a better claim to the property.") (internal citations omitted).

Finally, Gary and Robert Faerber also assert that this motion should be denied so that they may continue discovery. As noted by Magistrate Judge Randolph F. Treece when denying an extension, the defendants had ample time for discovery. Further, these defendants seem to be attempting to establish through discovery that some non-party has a superior ownership interest. As noted above, such information is irrelevant.

Since there is no question of material fact, partial summary judgment against these defendants for conversion will be granted.

### 3. North Star

Like Gary and Robert Faerber, North Star asserts that this motion should be denied because they believe that the plaintiffs have not established ownership. However, as described above, that defense is invalid because plaintiffs have a superior right of possession as compared to North Star.

■ North Star also argues that there exists a question a fact as to whether this property was abandoned. North Star bases this assertion on Gary Faerber's statement that the plaintiffs had not paid their storage bill. That statement, however, was false. Plaintiffs had in fact paid all of their bills. Therefore, North Star fails to present any evidence that the property was abandoned.

Finally, North Star admitted in its response to plaintiffs' statement of undisputed facts that: "Gary Faerber and Robert Faerber had consigned the property stored by plaintiffs at Smith Avenue Storage to North Star for auction."

Therefore, partial summary judgment against North Star for conversion will be granted.

### E. Unjust Enrichment

#### 1. Smith Storage, the Estate, and Ms. Coliukos

■ For an unjust enrichment claim, the plaintiff must show that "it is against equity and good conscience to permit the defendant to retain what is sought to be recovered." *Paramount Film Distrib. Corp. v. State*, 30 N.Y.2d 415, 421, 334 N.Y.S.2d 388, 285 N.E.2d 695 (1972) (internal citation omitted). Smith Storage, the Estate, and Ms. Coliukos assert that they have not retained possession of any of plaintiffs' property. Plaintiffs contend that these defendants retain possession of some of their property not recovered from North Star. However, plaintiffs fail to present any evidence supporting this assertion.

Since there is a material question of fact regarding possession of the property, partial summary judgment against these defendants for unjust enrichment will be denied.

#### 2. Gary and Robert Faerber

■ As for Gary and Robert Faerber, plaintiffs have submitted evidence that these defendants received money from the sale of their possessions. Defendants again assert that the plaintiffs must prove ownership of the property sold. However, these defendants again fail to provide any evidence that they have a superior ownership interest in relation to these plaintiffs. As these defendants removed property, even after receiving a phone call from one of the plaintiffs who was trying to track down his property, equity and good conscience do not support them.

Therefore, partial summary judgment against these defendants for unjust enrichment will be granted.

### 3. North Star

■ North Star retained twenty percent of the proceeds from the sales of these items. North Star does not introduce any evidence that it has a superior ownership right in comparison to the plaintiffs. Although this defendant relied on the representations of others and took appropriate steps to stop the sale of goods when contacted by the plaintiffs, equity and good conscience still does not support North Star retaining the money it received by auctioning these items without the consent of the plaintiffs.

Therefore, partial summary judgment against North Star for unjust enrichment will be granted.

### F. Replevin

#### 1. Smith Storage, the Estate, and Ms. Coliukos

■ To establish a cause of action in replevin, a plaintiff must show that he has an immediate and superior right of possession of the property and the one in possession refuses to return the property. See Solomon R. Guggenheim Found. v. Lubell, 77 N.Y.2d 311, 319, 567 N.Y.S.2d 623, 569 N.E.2d 426 (1991). Smith Storage, the Estate, and Ms. Coliukos assert that they have not retained possession of any of plaintiffs' property. Plaintiffs contend that these defendants retain possession of some of the property not recovered from North Star.

Since there is a material question of fact regarding possession of the property, partial summary judgment against Smith Storage, the Estate, and Ms. Coliukos for replevin will be denied.

#### 2. Gary and Robert Faerber, and North Star

■ Gary Faerber, Robert Faerber, and North Star assert essentially the same defense to this cause of action as they did with regard to the claims of conversion, that the plaintiffs have not established ownership. As discussed above, these defendants have not submitted any evidence that they have a superior right. Additionally, unlike Smith Storage, the Estate, and Ms. Coliukos, these defendants do not assert that they no longer retain possession of or a right to any of plaintiffs' property.

Therefore, partial summary judgment against these defendants for replevin will be granted.

## IV. CONCLUSION

Plaintiffs have established that a bailment for mutual benefit existed with Smith Storage, the Estate, and Ms. Coliukos, and that these defendants did not exercise reasonable care when storing plaintiffs' property. These defendants have not submitted evidence which raises a genuine issue of material fact with regard to the bailment or their conduct. However, plaintiffs have not shown that these defendants intentionally refused to return their property or that they have been unjustly enriched.

In regard to Gary Faerber, Robert Faerber, and North Star, plaintiffs have presented evidence that they have a superior right of possession and these defendants have failed to rebut that evidence. Further, plaintiffs have shown that these defendants intentionally exercised unauthorized dominion over their property, were unjustly enriched, and that plaintiffs have a right to immediate possession of their property.

Accordingly, it is

ORDERED that

1. Plaintiffs Paul Williams and Arthur Williams' motion for summary judgment for breach of the storage agreement against defendants Smith Avenue Storage Co., the Estate of Frederick G. Faerber, and Bonnie Coliukos is GRANTED;

2. Plaintiffs Paul Williams and Arthur Williams' motion for summary judgment for violation of the Truth in Storage Act, conversion, unjust enrichment, and replevin against defendants Smith Avenue Storage Co., the Estate of Frederick G. Faerber, and Bonnie Coliukos is DENIED;

3. Plaintiffs Paul Williams and Arthur Williams' motion for summary judgment for conversion, unjust enrichment, and replevin against defendants Gary Faerber, Robert Faerber and North Star Auction Galleries, Inc. is GRANTED;

4. Defendant North Star Auction Galleries, Inc.'s cross-motion for summary judgment for negligent misrepresentation and indemnification against defendants Gary Faerber and Robert Faerber is GRANTED; and

5. Plaintiffs Paul Williams and Arthur Williams are entitled to immediate delivery and possession of any personal property and possessions transferred to defendant Smith Avenue Storage Co., and now in the possession or control of defendants Gary Faerber, Robert Faerber, and/or North Star Auction Galleries, Inc.

IT IS SO ORDERED.

The following issues remain to be resolved at trial: (1) the damages to which plaintiffs are entitled from Smith Storage, the Estate, and Ms. Coliukos for their breach of the storage agreement; (2) the damages to which plaintiffs are entitled from defendants Gary Faerber, Robert Faerber, and North Star for conversion, unjust enrichment, and/or replevin; (3) liability and damages, if any, against Smith Moving; (4) liability and damages, if any, against Smith Storage, the Estate, and Ms. Coliukos on the remaining causes of action against these defendants; (5) Smith Moving, Smith Storage, the Estate, and Ms. Coliukos' cross-claim for indemnification and/or contribution against Gary and Robert Faerber; (6) Gary and Robert Faerber's cross-claim for indemnification and/or contribution against Smith Moving, Smith Storage, the Estate, and Ms. Coliukos; and (7) the amount to which North Star is entitled from Gary and Robert Faerber for indemnification, contribution, and/or apportionment of damages.