Ennis K. Hightower, Appellant,
against
Frank Luis Vega and Manhattan Screen Print, Respondents.





Ennis K. Hightower, appellant pro se.
Frank Luis Vega and Manhattan Screen Print, respondents pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Adam Silvera, J.), entered August 24, 2016. The judgment, insofar as appealed from, after a nonjury trial, dismissed the complaint.




ORDERED that the judgment is reversed, without costs, and the matter is remitted to the Civil Court for a new trial in accordance with this decision and order.
In this action, plaintiff alleges that defendants breached a contract to print specified designs on tee-shirts. Although on the pro se endorsed complaint plaintiff stated that he sought to recover the principal sum of $155,000, at trial, he reduced his demand to $13,809. 
At the nonjury trial, plaintiff testified that, while enrolled as a student at CUNY-Medgar Evers College, he had participated in a college-sponsored "start-up" competition, in which all competitors received free marketing, promotion, and advice, and had a chance at winning a $30,000 prize. In connection with the competition, plaintiff created a total of six tee-shirt designs, for use in two clothing lines of his design. Plaintiff hired defendants to print graphics on tee-shirts. On February 29, 2016, plaintiff delivered 300 blank tee-shirts to defendants and paid defendants $1,390, which, the parties agreed, was approximately 50% of the total price for the job. Upon his receipt and inspection of samples of defendants' work, however, plaintiff objected to the quality of the printing on some of the tee-shirts. Defendant never delivered any of the tee-shirts to plaintiff. Plaintiff also testified that defendants' invoices had reflected double billing, a [*2]sliding price scale which, plaintiff indicated, he had not agreed to, and price gouging.
Defendant Frank Luis Vega testified that plaintiff had attempted to pay the balance due on the contract but, in justification of his rejection of plaintiff's offer of payment and in support of his refusal to deliver any tee-shirts to plaintiff, cited an alleged contractual requirement that the balance be paid through PayPal.
Following the trial, the complaint was dismissed based on plaintiff's failure to prove a prima facie case.
It was undisputed that plaintiff had delivered 300 tee-shirts to defendants and had made a partial payment of $1,390 for defendants to print designs on the tee-shirts, which sum defendants retained, together with the 300 tee-shirts. Plaintiff asserted, and defendants did not dispute, that the printing on some of the sample tee-shirts plaintiff had viewed had been performed in an unsatisfactory manner.
Defendants, who were given possession of plaintiff's tee-shirts in order to print graphics on them for a consideration, were obligated "to perform ordinarily skillful work" on the tee-shirts (Aronette Mfg. Co. v Capitol Piece Dye Works, Inc., 6 NY2d 465, 468 [1959]). Plaintiff's unrebutted proof as to the inadequacies he found in the graphics that defendants had printed on the tee-shirts, as well as defendants' failure to return any tee-shirts to him, while retaining his $1,390, established, prima facie, plaintiff's right to recover damages. The burden thus shifted to defendants (see id. at 469), who failed to refute any of plaintiff's prima facie showing. We therefore conclude that the Civil Court erred in dismissing the complaint based on a failure to prove a prima facie case.
However, a new trial is required, since we are unable to determine the extent of plaintiff's damages from the record. Upon the retrial, the court should make clear the basis for its finding as against any particular defendant.
We do not consider any items which are dehors the record (see Chimarios v Duhl, 152 AD2d 508 [1989]). 
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for a new trial in accordance with this decision and order. 
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 11, 2019